1   FLETCHER C. ALFORD  (SBN:  152314)
    falford@grsm.com
2   DANIEL S. KUBASAK  (SBN:  222336)
    dkubasak@grsm.com
3   KEVIN LIU  (SBN:  295287)
    kliu@grsm.com
4   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
5   San Francisco, CA 94111
    Telephone:  (415) 875-3115
6   Facsimile:  (415) 986-8054

7   Attorneys for Defendant
    OFFICE DEPOT, INC.

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12

13   GLORIA HAWA, on behalf of herself, the          )   CASE NO.
     General Public, and all others similarly        )
14   situated,                                        )   Sonoma County Superior Court Case
                                                      )   No. SCV-266420
15                        Plaintiff,                  )
                                                      )   **NOTICE OF REMOVAL OF**
16          v.                                        )   **CIVIL ACTION TO FEDERAL**
                                                      )   **COURT BY DEFENDANT UNDER**
17   OFFICE DEPOT, INC. and DOES 1 through 20,        )   **28 U.S.C. SECTIONS 1332(d),**
                                                      )   **1441(a), AND 1446; DEMAND FOR**
18                        Defendants.                 )   **JURY TRIAL**
                                                      )
19                                                    )   CLASS ACTION
                                                      )
20                                                    )   *[REMOVAL UNDER CLASS ACTION*
                                                      )   *FAIRNESS ACT]*
21   _____         )

22

23   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

24   **DISTRICT OF CALIFORNIA:**

25          **PLEASE  TAKE  NOTICE**  that  Defendant  OFFICE  DEPOT,  INC.  ("Office  Depot"),

26   hereby removes the state court action captioned *Gloria Hawa v. Office Depot, Inc., et al*, Case No.

27   SCV-266420, Sonoma County Superior Court, California, to this Court pursuant to 28 U.S.C. §§

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

1332(d), 1441(a) and 1446.  This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332(d)(2) based upon the Class Action Fairness Act of 2005.

## I.    REMOVAL JURISDICTION

1.    This action may be removed to this Court, pursuant to the provisions of 28 U.S.C. § 1332(d)(2) because minimal diversity exists among the parties, there are substantially in excess of 100 proposed class members, as the class is defined in Plaintiff's Complaint, and the amount in controversy, as to the combined claims of all proposed class members, exceeds $5 million.

2.    Removal to the San Francisco Division of the United States District Court for the Northern District of California is proper because Plaintiff Gloria Hawa, filed this Action in the Superior Court of the State of California for the County of Sonoma which is within the San Francisco Division of this judicial district.  28 U.S.C. § 1446(a); N.D. Civil L.R. 3-2(d).

## II.    RELEVANT PROCEDURAL FACTS

3.    Plaintiff filed an unverified putative class action complaint ("Complaint") on May 15, 2020 in the Sonoma Superior Court captioned *Gloria Hawa, on behalf of herself, the General Public and all others similarly situated v. Office Depot, Inc., and Does 1 through 20*, Case No. SCV-266420 (the "State Action").  Plaintiff alleges claims for Violation of the California Gift Card Law, Consumers Legal Remedies Act, and Unfair Competition Law in Violation of the Business and Professions Code.

4.    On June 9, 2020 Plaintiff served the Complaint on Office Depot.

5.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders served upon such Defendant," including the Complaint are attached to this Notice of Removal as Exhibit A.

## III.    TIMELINESS OF REMOVAL AND CONSENT OF ALL DEFENDANTS

6.    Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is being filed within 30 days from June 9, 2020, the date that Office Depot was served with the summons and Complaint.

7.     There are no other defendants named in the State Action other than fictitiously

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    named defendants.  Accordingly, no consent to removal is required.  Removal of this action to the

2    United States District Court for the Northern District of California is therefore timely and proper.

3    **IV.    REMOVAL IS WARRANTED UNDER THE CLASS ACTION FAIRNESS ACT**

4        **A.    Minimal Diversity**

5        8.    Defendant has a good faith basis for alleging that Plaintiff Gloria Hawa was, at all

6    relevant times, and is a citizen of California, based upon public records and the allegations in the

7    Complaint, which identify Plaintiff as a California consumer.  (*See e.g.*, Complaint, Ex. A, at p. 8,

8    ¶ 39; p. 13, ¶ 64)

9        9.    Plaintiff seeks to represent "[a]ll consumers in California who possesses or

10   possessed an Office Depot gift card which has or had a balance of less than $10.00 during the class

11   period."  (Complaint, Ex. A, at p. 15, ¶ 14)  Plaintiff purports the "class period is four years prior

12   to the filing of this complaint to the date of class certification."  (Complaint, Ex. A, at p. 15, ¶ 15)

13       10.    Plaintiff alleges claims against Office Depot on behalf of herself and "other

14   California consumers."  (*See e.g.*, Complaint, Ex. A, at p. 8, ¶ 39)  Therefore, the proposed

15   Plaintiffs are citizens of California.

16       11.    Office Depot was, at all relevant times, and is a corporation organized pursuant to

17   the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.

18   Accordingly, Defendant Office Depot is considered a citizen of both Delaware and Florida.

19       12.    Therefore, minimal diversity is satisfied because Office Depot is a citizen of both

20   Delaware and Florida, while Plaintiff or at least one member of the proposed class is a citizen of

21   California.

22       **B.    The Proposed Class Exceeds 100 Members and the Amount in Controversy
         Exceeds $5 Million**

23

24       13.    As previously noted, the Complaint defines the proposed class as all California

25   consumers who "possess or possessed an Office Depot gift card which has or had a balance of less

26   than $10.00 during the class period."  That proposed class definition is ill-defined, vague, and

27   problematic for many reasons, including the fact that the definition is fluid as card balances are

28   constantly changing both through purchases and through "reloading" of additional funds, and

-3-

cannot be tracked through any central means.    Nevertheless, accepting Plaintiff's proposed class definition at face value, it is clear that the proposed class far exceeds 100 people and the amount in controversy exceeds $5 million, exclusive of interest and costs.

14.    Plaintiff requests, among other things, "payment in cash of the balance of all Defendant's gift cards that have a balance of less than $10.00 to the Plaintiff and the putative class," and punitive damages.  (Complaint, Ex. A, at p. 20).  ***At any given point in time,*** approximately 200,000 active Office Depot gift cards are in the possession of California Consumers.  Nearly all of those cards "have or had" a balance of less than $10.00 at some point. Moreover, because the proposed class period is "four years prior to the filing of this complaint to the date of class certification," it is highly probable that the number of Office Depot California gift cards that were active at some point during that more than four year period and that "have or had" a balance of less than $10.00 substantially exceeds 500,000 cards.  Accordingly, the amount in controversy exceeds $5 million.  This conclusion is further bolstered by the fact that Plaintiff prays for statutory attorney fees.

15.    Plaintiff attempts to avoid triggering removal by stipulating that "Plaintiff does not seek judgment individually or for any consumer of more than $75,000.00 total per person, for all recovery, damages, interest, costs, or any other thing or type.  Similarly, the total benefit or value to Plaintiff or any consumer is not more than $75,000.00 total per person, for all recovery, damages, interest, costs, or any other thing or type.  The cost to Defendant of all relief sought herein is less than $75,000.00 per person."  (Complaint, Ex. A, at p. 4, ¶ 13)  Plaintiff's pre-certification stipulation, however, is not binding on absent class members and therefore does not serve as an impediment to this Court's jurisdiction under the Class Action Fairness Act.  (*See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013)).  Moreover, subsequent to the passage of the Class Action Fairness Act, the $75,000.00 per person figure is no longer relevant.

16.    Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

/ /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## V.    NOTICE TO PLAINTIFF AND FILING OF NOTICE OF REMOVAL IN THE STATE ACTION

17.    Pursuant to 28 U.S.C. § 1446(d), Defendant Office Depot is providing prompt written notice of this removal to Plaintiff through her counsel of record in the State Action.

18.    A copy of the Notice of Removal is also being filed in the State Action.

## VI.    CONCLUSION

WHEREFORE, for the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1332(d).  Accordingly, Defendant respectfully requests that the above-entitled action now pending against it in the California Superior Court for the County of Sonoma be removed to the San Francisco Division of the United States District Court for the Northern District of California.

## DEMAND FOR JURY TRIAL

Defendant Office Depot, Inc. hereby demand a trial by jury as to all issues and causes of action pursuant to Federal Rule of Civil Procedure, Rule 38.


 Dated:  July 9, 2020                              GORDON REES SCULLY MANSUKHANI, LLP


                                                   By:    */s/ Fletcher C. Alford*_____
                                                          Fletcher C. Alford
                                                          Daniel S. Kubasak
                                                          Kevin Liu

                                                          Attorneys for Defendant
                                                          OFFICE DEPOT, INC.

<div align="center"><strong><u>PROOF OF SERVICE</u></strong></div>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On said date below, I served the within documents:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT UNDER 28 U.S.C. SECTIONS 1332(d), 1441(a), AND 1446; DEMAND FOR JURY TRIAL**

**CIVIL COVER SHEET**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by causing to be served by hand via messenger document(s) listed above to the person(s) at the address(es) as set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

> **<u>Attorneys for Plaintiff:</u>**
> Phillip R. Poliner
> Neil B. Fineman
> Fineman Poliner LLP
> 155 N. Riverview Drive
> Anaheim Hills, CA 92808
> Phone:  (714) 620-1125
> Fax:  (714) 701-0155
> Email: phillip@finemanpoliner.com
>          neil@finemanpoliner.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2020 at San Francisco, California.



————————————————————
Maria Deang

<div style="text-align:center; writing-mode: vertical-rl;">

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

</div>

Exhibit A

 CT Corporation

**Service of Process Transmittal**
06/09/2020
CT Log Number 537765665

TO:     NICOLE DEIBEL
        OFFICE DEPOT, INC.
        6600 N MILITARY TRL
        BOCA RATON, FL 33496-2434

RE:     **Process Served in California**

FOR:    Office Depot, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated, Pltf. vs. OFFICE DEPOT, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # SCV266420 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2020 at 13:17 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2020, Expected Purge Date: 06/14/2020 |
| | Image SOP |
| | Email Notification,  Legal Operations  LegalOperations@officedepot.com |
| | Email Notification,  NICOLE DEIBEL  nicole.deibel@officedepot.com |
| | Email Notification,  Tonya Brodrick  tonya.brodrick@officedepot.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OFFICE DEPOT, INC., and DOES 1 through 20


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated

</td>
<td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**5/15/2020 6:51 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Cyndi Nguyen, Deputy Clerk**

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sonoma County Superior Court
600 Administration Dr.

Santa Rosa 95403
Hall of Justice

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
SCV-266420

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neil B. Fineman - SBN 177915  714-620-1125  714-701-0155
Fineman Poliner LLP
155 N. Riverview Dr. Anaheim Hills, CA 92808

<table>
<tr>
<td>

DATE:
*(Fecha)* 5/15/2020 6:51 PM   **ARLENE D. JUNIOR**

</td>
<td>

Clerk, by   Cyndi Nguyen
*(Secretario)*

</td>
<td>

, Deputy
*(Adjunto)*

</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* OFFICE DEPOT, INC.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr>
<td>
Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
</td>
<td>
**SUMMONS**
</td>
<td>
American LegalNet, Inc.
www.FormsWorkflow.com
</td>
<td>
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
</td>
</tr>
</table>

1   **FINEMAN ◊ POLINER** LLP
    Phillip R. Poliner, Esq. – SBN 156145
2   *Email: Phillip@FinemanPoliner.com*
    Neil B. Fineman, Esq. – SBN 177915
3   *Email: Neil@FinemanPoliner.com*
    155 North Riverview Drive
4   Anaheim Hills, California 92808-1225
    Tel. (714) 620-1125 - Fax (714) 701-0155
5
    Attorneys for Plaintiff,
6   Gloria Hawa

7

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**5/15/2020 6:51 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Cyndi Nguyen, Deputy Clerk**

8               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                              COUNTY OF SONOMA

10

| | |
|---|---|
| 11 GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated,<br><br>13                    Plaintiff,<br><br>14        v.<br><br>15 OFFICE DEPOT, INC., and DOES 1 through 20,<br><br>17                    Defendants. | Case No.: SCV-266420<br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CONSUMER PROTECTION STATUTES AND COMMON LAW CLAIMS:**<br><br>**1. CIVIL CODE § 1749.5**<br><br>**2. CIVIL CODE § 1750 ET SEQ. (CONSUMERS LEGAL REMEDIES ACT)**<br><br>**3. BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ. (UNFAIR COMPETITION LAW)**<br><br>**4. MONEY HAD AND RECEIVED**<br><br>**DECLARATORY RELIEF [CODE CIV.PRO. § 1060]** |

23   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          All allegations made in this Complaint are based upon information and belief, except

25   those allegations which pertain to Gloria Hawa ("Plaintiff") and Plaintiff's counsel, which are

26   based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*,

27   Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys.

28          Plaintiff hereby alleges:

# **INTRODUCTION**

1. Over a decade ago, the California Legislature determined that gift cards were increasingly popular as a means of gift-giving, but consumers were not able to redeem the full value of the gift cards they received. (Senate Judiciary Committee, Bill Analysis, Senate Bill 250, (2007-2008 Reg. Session), March 27, 2007, p. 1.) A retail trade organization estimated that *billions* of dollars in gift card sales were *lost to consumers due to unredeemed value on the cards*, or expiration or loss of the gift card. (*Id*. at pp. 1-2.) It is also reported that in the U.S., *40 percent of recipients do not use the full value of their gift cards*. (Assembly Floor, Bill Analysis, Senate Bill 885, (2009-2010 Reg. Session), May 28, 2010, p. 1.) Often the unredeemed amounts go back to the retailers as revenue. (*Id*.) "This is a staggering amount of money for consumers to lose." (*Id*.)

2. In reaction to this inequity, California State Senator Ellen M. Corbett authored Senate Bill 250, stating consumers with small values on their gift cards often cannot buy anything sold by the gift card seller with the remaining value on the card, and they cannot get change for the value. (Senate Judiciary Committee, Bill Analysis, Senate Bill 250, (2007-2008 Reg. Session), March 27, 2007, p. 1.)

3. Senator Corbin and supporters of SB 250 also noted that often a consumer finds himself or herself with a gift card with a small amount of money remaining on the card, the retailer refuses to redeem the remaining value of the card for cash, and the consumer ends up forfeiting the remaining value of the card, unless he or she makes an unnecessary purchase which would likely involve additional out-of-pocket costs for the consumer. (*Id*.) Senator Corbett argued that consumers should be relieved from this Hobson's choice.

4. Another scenario posited by Senator Corbett and supporters of SB 250 is when a consumer receives a gift card that he or she cannot use because they do not have the requisite equipment or product to go with the card, do not have ready access to a particular retailer, or do not shop at a particular retailer. (*Id*.) In the above scenarios, the consumer loses the remaining value of the card, which remains in the hands of the business, and thus amounts to a windfall profit for the business. (*Id*.)

5.      To alleviate this unfairness, in 2008, SB 250 was enacted, which amended our State's longstanding gift certificate and gift card statute to require that **"any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value."** (Civil Code section 1749.5(b)(2).) Accordingly, any consumer requesting cash back from a low-balance gift card is entitled to just that.

6.      While consumers gained new rights, <u>many retailers are still failing to comply with the law</u>. For example, in 2016, Shell Oil was taken to court by the District Attorneys in seven counties for failing to give cash back on gift cards with a balance under $10.00. Shell agreed to pay $762,200 in restitution and civil penalties for not complying with the gift card law. (*The People of the State of California v. Equilon Enterprises LLC dba Shel Oil Products US*, Sonoma County Sup. Ct., case no. HG16824067). In 2012, the District Attorneys of Solano County and Shasta County obtained a judgment against Cinemark USA, Inc. consisting of an injunction and significant civil penalties for its repeated violation of Civil Code section 1749.5(b)(2). (*The People of California v. Cinemark USA, Inc. dba Century Theaters*, Solano County Sup. Ct., case no. FSC039609). And in 2009, Starbucks was taken to court in three counties by the District Attorney for failing to give cash back on gift cards with a balance under $10.00. Starbucks agreed to pay $225,000 in civil penalties for not complying with the amended gift card law.

7.      This putative class action arises from Defendant's past, present, and future noncompliance with Civil Code section 1749.5(b)(2). Plaintiff alleges that as a result of Defendant's ongoing policy and/or practice of failing to provide cash to consumers wishing to redeem a gift card with a cash value less than $10.00, or alternatively, Defendant's failure to maintain a policy and/or practice of complying with Civil Code section 1749.5(b)(2), Defendant has violated and will continue to violate consumers' statutory rights pursuant to Civil Code section 1749.5; Civil Code section 1770; and Business and Professions Code sections 17200 et seq. and 17500 et seq.

8.      In pursuing this action, Plaintiff does not seek any relief greater than or different from the relief sought for the putative class of which Plaintiff is a member. The action, if successful, will enforce an important, ongoing right of consumers affecting the public interest

1 and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of

2 persons (i.e., all California consumers who possess Defendant's gift cards with a balance of less

3 than $10.00). Private enforcement is necessary and places a disproportionate financial burden on

4 Plaintiff in relation to Plaintiff's stake in the matter.

## JURISDICTION

7     9.     This Court has jurisdiction over Respondent pursuant to Code of Civil Procedure

8 section 410.10 and pursuant to the California Constitution, Article VI, Section 10.

9     10.     This Court has jurisdiction over Defendant because Defendant intentionally avails

10 itself of the consumer markets within the County of Sonoma in the State of California and

11 Defendant does business in the County of Sonoma.

12     11.     Further, section 17203 of the Business and Professions Code empowers "any

13 court of competent jurisdiction" to enter orders or judgments to prevent the use or employment

14 of any practice which constitutes unfair competition, which are alleged in this Complaint.

15     12.     Additionally, Civil Code section 1780(d) allows actions commenced under the

16 Consumers Legal Remedies Act to be filed in a county in which Defendant is doing business.

17     13.     Plaintiff does not seek judgment individually or for any consumer of more than

18 $75,000.00 total per person, for all recovery, damages, interest, costs, or any other thing or type.

19 Similarly, the total benefit or value to Plaintiff or any consumer is not more than $75,000.00 total

20 per person, for all recovery, damages, interest, costs, or any other thing or type. The cost to

21 Defendant of all relief sought herein is less than $75,000.00 per person.

## PARTIES

24     14.     Plaintiff is now, and was at all times mentioned in this Complaint, a consumer

25 and an individual who, during the past twelve months, acquired by purchase goods or services

26 for personal, family, or household purposes, to wit, one of Defendant's gift cards. Further,

27 Plaintiff maintains all rights to the subject gift card and/or was assigned all rights to the gift card

28 and the rights and obligations that flow from the possession and use of the gift card.

<div align="center">4</div>
<div align="center">COMPLAINT</div>

15. Defendant, Office Depot, Inc. (hereinafter, "Office Depot" or "Defendant"), sells office supplies to the general public in retail stores in California.

16. Office Depot also sells gift cards, which can be used to buy items from its retail locations.

17. On information and belief, this Defendant has ultimate responsibility for the establishment of rules, regulations, operations and practices attendant to the issuance and redemption of its gift cards in the State of California, including those bearing Defendant's brand or mark and issued or redeemed by any other person or entity.

18. Defendant maintains the right to sufficiently control, and in fact does control, the means and manner in which it issues and redeem gift cards, and, specifically, establishes the policies and procedures for redemption of gift cards for cash.

19. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, is currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20. Each of the Defendants sued herein was the principal, agent, or employee of the other, and was acting within the scope of such agency or employment. Each Defendant sued herein was the co-conspirator of the other and was acting within the course and scope of a conspiracy formed amongst each of them. Each Defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each Defendant sued herein received money or property as a result of the conduct described herein without consideration therefore and/or with knowledge that the money or property was obtained as a result of the wrongful conduct described herein. Each entity Defendant sued herein is a shell organization, and is actually the alter ego of the other Defendants sued herein.

21. As used in this Complaint, the words "Defendant" or "Defendants" are used interchangeably and mean and include each and every Defendant sued herein, including DOES.

## FACTUAL ALLEGATIONS

22.    Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

23.    As used herein, "Gift Card" means an electronic promise, plastic card, or other payment code or device that is: (i) redeemable by Defendant; (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by Defendant. The terms "Gift Card" and "Gift Certificate" are interchangeable.

24.    Defendant sells gift cards in California to consumers that contain various stored values, which represent the "balance" on the gift card.

25.    Within the last 12 months, Plaintiff visited an Office Depot location in California with an Office Depot gift card and Plaintiff purchased items for personal use that Plaintiff wanted using the Office Depot gift card to pay for the items.

26.    After paying for the items selected using the Office Depot gift card, Plaintiff's gift card balance was less than $10.00.

27.    Plaintiff did not want any other items offered by Defendant, instead, Plaintiff wanted the cash value of the gift card.

28.    Plaintiff asked the Office Depot employee if Plaintiff could obtain the cash balance of the card, but the employee refused Plaintiff's lawful request to redeem the gift card for cash.

29.    Plaintiff was denied the cash balance of Plaintiff's gift card despite the fact that the balance on the card was less than $10.00 and Defendant's employee was aware of the balance on the card at the time of the request.

## HOW DEFENDANT PROFITS FROM KEEPING THE CASH VALUE OF ITS OUTSTANDING GIFT CARDS

30.    Office Depot profits from the redemption of gift cards both when a gift card is used by a consumer to purchase items from Office Depot restaurants, and Office Depot profits when a customer fails to use a gift card and the gift card balance remains on the gift card for a

1    certain period of time.

2        31.    Specifically, at the time an Office Depot gift card is purchased and "loaded" with

3    a money balance, Office Depot records the amount loaded on the gift card as an obligation that

4    is reflected as gift card liability.

5        32.    Defendant then recognizes **income** from gift cards when (i) the gift card is used

6    by the customer to pay for an item, or (ii) *the likelihood of the gift card being redeemed by the*

7    *customer is remote*, and Office Depot determines that it does not have a legal obligation to remit

8    the value of unredeemed gift cards to the State of California (referred to as "breakage" income).

9        33.    Defendant determines the gift card breakage amount based upon historical

10   redemption patterns and Defendant concludes that after a certain amount of inactivity the

11   likelihood of redemption becomes remote (or when the likelihood of the gift card being redeemed

12   by the customer is less than probable), and Defendant recognizes breakage as income at that time.

13       34.    Indeed, one expert, Anthony Andreoli an unclaimed-property specialist for

14   Deloitte & Touche LLP, opined that after a gift card is two to three years old "its probability of

15   being        presented        by        the        holder        is        zero."        (See,

16   https://www.southcoasttoday.com/article/20030309/news/303099956.)

17       35.    Accordingly, Defendant profits every time a gift card holder (1) fails to redeem

18   an Office Depot gift card for Defendant's items (either because the gift card holder does not want

19   to purchase any additional items or when the balance remaining on the gift card is too low to

20   purchase an item from Defendant), and (2) when an Office Depot employee refuses a gift card

21   holder's request for the cash balance of a gift card.

22                              **PRE-FILING COMPLIANCE AUDITS**

23       36.    Prior to filing this lawsuit, investigations were performed on Plaintiff's behalf to

24   determine if this particular Office Depot employee's failure to comply with California's gift card

25   law was an isolated incident.

26       37.    The results of Plaintiff's pre-filing investigations revealed that Office Depot

27   employees frequently failed to honor valid requests for cash back on gift cards with a balance of

28   less than $10.00.

38. By Defendant's actions in not having an existing policy of complying with Civil Code section 1749.5(b)(2), or in failing to comply with such a policy to provide California consumers cash for gift cards with a stored value of under $10.00, (e.g., failing to have a *consistent practice of honoring requests for cash* pursuant to Civil Code section 1749.5(b)(2)), all current and future holders of gift cards with a balance of less than $10.00 are denied certain consumer protections afforded to consumers under the laws of this State.

39. Defendant has become unjustly enriched – and will continue to become unjustly enriched – by Defendant retaining the actual cash paid for such gift cards and by requiring consumers to redeem gift cards for Defendant's items only, even when Plaintiff and other California consumers do not wish to purchase Defendant's items.

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL CODE SECTION 1749.5

### [CALIFORNIA GIFT CARD LAW]

### (As Against All Defendants)

40. Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

41. Pursuant to Civil Code section 1749.5(b)(2), any gift card with a cash value of less than $10.00 is redeemable in cash for its cash value.

42. Plaintiff owned and possessed an Office Depot gift card with a cash value of less than $10.00 and asked Defendant to redeem the gift card in cash for its cash value. Plaintiff did not want more of Defendant's items and therefore, did not want to redeem the gift card for any items sold by Defendant; Plaintiff wanted the cash value of the gift card.

43. As part of Defendant's policy and practice – or with disregard to any policy Defendant may have – Defendant's employees refused to redeem Plaintiff's gift card in cash for its cash value and did not honor Plaintiff's request for the cash value of the gift card, which was less than $10.00.

///

44.    Defendant was and is required by law – irrespective of any contract or agreement that may have existed – to redeem Plaintiff's gift card for cash, and any waiver of this requirement is void and unenforceable pursuant to Civil Code section 1749.51.

45.    Through its acts and practices, Defendant has violated Civil Code section 1749.5(b)(2), and will continue to violate this consumer protection statute, and Plaintiff and all others similarly situated have suffered damages and will continue to suffer damages as a result, to wit, Plaintiff and the members of the class Plaintiff purports to represent, have been denied – and will continue to be denied – money to which Plaintiff and the putative class have a cognizable claim. Plaintiff and all others similarly situated lost – and will lose – the cash value of the gift cards by Defendant's refusal to comply with Civil Code section 1749.5(b)(2) and honor consumers' past and future requests to obtain the cash value of gift cards containing a balance of less than $10.00. Defendant's acts and practices caused Plaintiff to keep a gift card that can only be used for items Plaintiff does not wish to purchase and will cause consumers in California to keep (or discard) Defendant's gift cards that can only be used for items.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL CODE SECTIONS 1750 ET SEQ.

### [CONSUMERS LEGAL REMEDIES ACT]

### (As Against All Defendants)

46.    Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

47.    Civil Code section 1770 generally states:

"(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer is unlawful:

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which is prohibited by law." (*Civ. Code*, § 1770(a)(14).)

48.     Defendant, individually and/or through its agents and employees, engaged in the following violations of Civil Code section 1770: Defendant represented – and continues to represent – that the transaction (the sale and ownership of its gift cards) confers or involves rights, remedies, or **obligations** that it does not have or involve, or which is prohibited by law. Specifically, Defendant represented – and continues to represent – to purchasers and recipients of its gift cards that the holder of a gift card was and is obligated to redeem the gift card for items only and was not – and will not be – permitted to redeem the gift card for cash if the gift card's stored value is less than $10.00.

49.     Further, Defendant represented – and continues to represent – that Defendant has the **right** to retain (as a forfeiture) the value of the gift card under $10.00, whether or not the gift card holder wants to actually purchase items from Defendant. This unlawful "right" to retain money paid for a gift card is contrary to the intent and purpose of Civil Code section 1749.5.

50.     Such claims, rights, and obligations violate the law and therefore the actions, omissions, and misrepresentations being made by Defendant violate Civil Code sections 1750 *et seq.* including but not limited to Civil Code section 1770(a)(14).

51.     Defendant continues to violate Civil Code sections 1750 *et seq.* and Plaintiff, and all others similarly situated, have a statutory right to redeem Defendant's gift cards for cash if the gift card's stored value is less than $10.00.

52.     Plaintiff seeks injunctive relief pursuant to the Consumers Legal Remedies Act and may amend this Complaint to demand nominal damages following Plaintiff's compliance with Civil Code section 1782(a).

## THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.

### [UNFAIR COMPETITION LAW]

### (As Against All Defendants)

53.     Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

54.    Beginning on a date unknown to Plaintiff, but within the four years preceding the filing of this Complaint, Defendant sued herein has engaged in, is engaged in, and proposes to engage in unfair competition, as that term is defined in Business and Professions Code section 17200. As used in this Complaint and in Section 17200, "unfair" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with Section 1720) of Part 3 of Division 7 of the Business and Professions Code. This conduct is actionable pursuant to Business and Professions Code sections 17200, 17203.

UNLAWFUL ACTS AND PRACTICES

55.    Violation of Civil Code section 1749.5: Defendant's acts and practices of failing to provide Plaintiff, individually and/or all others similarly situated, cash back on gift cards with a stored value of under $10.00 violates Civil Code section 1749.5; therefore the continuing violation constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

56.    Violation of Civil Code section 1770: Defendant's acts and practices of representing that the transaction (the sale and purchase of a gift card) confers or involves rights, remedies, or **obligations** that it did not have or involve, or which is prohibited by law, and Defendant's representations that it has the **right** to retain (as a forfeiture) the value of gift cards with a balance less than $10.00, whether or not the gift card holder wants to actually purchase items from Defendant, violates Civil Code section 1770 (Consumers Legal Remedies Act) as more fully set forth *supra*. Accordingly, the continuing violation of Civil Code section 1770 constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

UNFAIR ACTS AND PRACTICES

57.    Defendant's ongoing acts and practices are unfair, even if not unlawful, in that Defendant failed to provide Plaintiff and all others similarly situated, the cash balance of gift cards with a balance of less than $10.00, whereby the holder finds himself or herself with a gift card with a small amount of money remaining on the card, the retailer refuses to redeem the

remaining value of the card for cash, and the consumer ends up forfeiting the remaining value of the card, unless he or she makes an unnecessary purchase which would likely involve additional out-of-pocket costs for the consumer. This is an unfair practice specifically addressed by the Legislature when it amended Civil Code section 1749.5. (Senate Judiciary Committee, Bill Analysis, Senate Bill 250, (2007-2008 Reg. Session), March 27, 2007, p. 1.)

58. Defendant's continuing acts and practices are unfair, even if not unlawful, in that in refusing to provide cash back for gift cards with a balance of less than $10.00, Plaintiff and all others similarly situated are left with a gift card with a balance below the cost of Defendant's items, thus requiring the consumer to pay more to use the gift card. Therefore, the consumer either loses the remaining value of the card, which remains in the hands of the business, and thus amounts to a windfall profit for the business, or spends more at the Defendant's establishment. This is an unfair practice specifically addressed by the Legislature when it amended Civil Code section 1749.5. (*Id.*)

59. Defendant's continuing acts and practices are unfair, even if not unlawful, in that Defendant denies consumers, like Plaintiff and all others similarly situated, with the right to ready access to liquid assets, including the cash value of their gift cards. The remainder on their unused gift cards could make the difference in paying bills and making ends meet. This problem is so common that billions of dollars in gift cards goes unspent every year. After a few years the retailer gets to claim the consumer's money as profit without supplying a product or paying sales tax. This is an unfair practice specifically addressed by the Legislature when it amended Civil Code section 1749.5. (Assembly Floor, Bill Analysis, SB 885 (2009-2010 Reg. Session), April 6, 2010.)

60. Plaintiff has suffered an injury in fact; Plaintiff, along with those similarly situated, suffered – and continues to suffer – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Plaintiff, along with those similarly situated, have an ongoing legally protected interest (as evinced by Civil Code sections 1749.5 and 1770(a)(14)) in obtaining the cash for the value of any gift card sold by Defendant with a stored value of less than $10.00, and in not being misled as to the rights

1   and obligations of the parties in obtaining the cash equivalent of the stored value of the gift card

2   sold by Defendant in an amount less than $10.00. By and through Defendant's ongoing policies

3   and practices, Plaintiff and all others similarly situated have suffered an actual invasion of their

4   legally protected interests and continue to suffer an actual invasion of their legally protected

5   interests.

6       61.    Further, Plaintiff, along with those similarly situated, have lost and will continue

7   to lose money and/or property as a result of such practices and unfair competition, in that these

8   consumers are denied the cash value of any gift cards sold by Defendant containing a balance

9   less than $10.00. Through Defendant's policy and/or practices, Plaintiff and all others similarly

10  situated have suffered – and will continue to suffer – damages as a result, to wit, Plaintiff and the

11  members of the class Plaintiff purports to represent, have been denied and will be denied money

12  to which Plaintiff and the putative class have a cognizable claim.

13      62.    Plaintiff does not want items sold by Defendant and Defendant's conduct has

14  caused Plaintiff to have a gift card that can only be used for items Plaintiff does not wish to

15  purchase. Plaintiff and all others similarly situated have lost and will continue to lose the cash

16  value of the gift cards sold by Defendant by Defendant's perpetual refusal to allow gift card

17  holders to obtain the cash value of gift cards containing a balance of less than $10.00.

18      63.    The unlawful, unfair, and fraudulent business practices of Defendant, as described

19  above, present a continuing threat to members of the general public in that the public will be and

20  is deceived into thinking Defendant has the right to refuse to redeem for cash the cash value of

21  Defendant's gift cards which have a balance of less than $10.00. Defendant continues to engage

22  in these practices and will not cease doing so unless and until an injunction is issued.

23      64.    As a direct and proximate result of the aforementioned unlawful, unfair, or

24  fraudulent acts and/or practices, Defendant received and continues to hold monies paid by

25  Plaintiff and other California consumers, including interest and other revenues generated from

26  Defendant's practices within California.

27  ///

28  ///

1
2
3

## FOURTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED

### (As Against All Defendants)

4   1.   Plaintiff refers to and incorporates by reference each and every paragraph above
5   as though set forth fully herein.

6   2.   Defendant received money for a gift card that was intended to be used for the
7   benefit of Plaintiff.

8   3.   Plaintiff's gift card had a cash balance of under $10.00 and Plaintiff had an
9   interest in the cash balance and was entitled to the cash balance of the gift card.

10   4.   Defendant denied Plaintiff the benefit of the gift card cash balance, Defendant
11   retained the cash balance of the gift card, and therefore, the gift card was not used for the benefit
12   of Plaintiff.

13   5.   Defendant has not given the cash balance to Plaintiff and is indebted to Plaintiff
14   and all others similarly situated for the amount of cash on gift cards with a cash balance of less
15   than $10.00.

16   6.   By its actions in failing to provide to provide California consumers like Plaintiff
17   cash for gift cards with a stored value of under $10.00, Defendant has become unjustly enriched
18   by retaining the actual cash paid for such gift cards and by requiring Plaintiff and all other
19   California consumers to redeem gift cards for Defendant's items only, even when Plaintiff and
20   other California consumers do not wish to purchase Defendant's items.

21

22
23
24

## DECLARATORY RELIEF

## [CAL. CODE CIV. PROC. § 1060]

### (As Against All Defendants)

25   7.   Plaintiff refers to and incorporates by reference each and every paragraph above
26   as though set forth fully herein.

27   8.   Defendant's representations that its gift cards cannot be redeemed for cash is a
28   term of contract involving substantive contractual rights. Accordingly, this dispute involves

substantive contractual rights, not the enforceability of remedies should a future dispute arise about substantive rights.

9. An actual controversy has arisen regarding the propriety of Defendant's refusals to redeem gift cards for cash when the balance of same is below $10.00, and the class members' rights in connection with those gift cards. An adjudication of the rights and obligations of the parties is necessary to resolve this dispute.

10. Plaintiff and the putative class are entitled, ancillary to their claim for declaratory relief, to an order enjoining Defendant from refusing to redeem any gift card with a balance of less than $10.00 for cash.

11. Resolution of this claim for declaratory relief would have practical consequences for the putative class, the public and Defendant. More particularly, Defendant would be required modify its behavior to conform to the law on a class and public-wide basis, *to wit*, Defendant would be compelled to comply with the provisions of California Civil Code Section 1749.5(b)(2), and redeem gift cards with a balance of less than $10.00 for cash.

## CLASS ACTION ALLEGATIONS

12. Plaintiff refers to and incorporates by reference each and every paragraph above as though set forth fully herein.

13. Plaintiff brings this action on Plaintiff's own behalf, on behalf of the general public, and on behalf of all persons similarly situated, as a class action pursuant to Code of Civil Procedure section 382 and Civil Code section 1781.

14. This lawsuit is brought on behalf of an ascertainable class, initially identified as:

"All consumers in California who possesses or possessed an Office Depot gift card which has or had a balance of less than $10.00 during the class period."

15. The class period is four years prior to the filing of this complaint to the date of class certification.

16. Excluded from the class are Defendant, its corporate parents, subsidiaries, franchisees and affiliates, officers and directors, any entity in which Defendant has a controlling

interest, and the legal representatives, successors or assigns of any such excluded persons or entities, and the Court to which this action is assigned.

17.    Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

18.    The members of the class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, and/or from records maintained by Defendant and its agents.

19.    There is a well-defined community of interest among the members of the class because common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the class are:

A.    Whether each class member possesses (or possessed) a gift card sold by Defendant with a value of less than $10.00;

B.    Whether Defendant maintained a policy and/or practice of denying California consumers' requests to redeem for cash gift cards sold by Defendant with a cash value of less than $10.00;

C.    If Defendant maintained a written policy of honoring California consumers' requests to redeem for cash gift cards sold by Defendant with a cash value of less than $10.00, did Defendant's employees follow the policy; and

D.    Whether Defendant's policies and practices in regard to redeeming gift cards complies with Civil Code sections 1749.5, 1770, and Business and Professions Code section 17200 et seq.

20.    Plaintiff's claims are not only typical of the members of the class, Plaintiff's claims are identical to the claims of the class.

21.    Plaintiff can fairly and adequately represent the interests of the class, Plaintiff has no conflicts of interest with other class members, and Plaintiff has retained counsel competent

1   and experienced in class action and civil litigation.

2       22.   A class action is superior to other available methods for the fair and efficient

3   adjudication of this controversy because joinder of all members is impracticable, the likelihood

4   of individual class members prosecuting separate claims is remote, and individual class members

5   do not have a significant interest in individually controlling the prosecution of separate actions.

6   Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the class as

7   a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the

8   management of this action that would preclude its maintenance as a class action.

9

10                                  **PRAYER**

11      **WHEREFORE**, Plaintiff demands on behalf of Plaintiff, the General Public, and

12  consumers similarly situated, judgment against Defendant for the following:

13      1.    That the Court determines that this action may be maintained as a class action;

14  **FIRST CAUSE OF ACTION – VIOLATION OF CIVIL CODE SECTION 1749.5**

15      1.    For a public-wide injunction requiring Defendant to comply with Civil Code

16  section 1749.5 and honor all gift card holders' requests for the cash value of any of Defendant's

17  gift cards that have a balance of less than $10.00;

18      2.    For a public-wide injunction requiring Defendant to promptly post notices in all

19  of its California locations addressed to consumers that any gift card holder may redeem

20  Defendant's gift cards with a balance of less than $10.00 for cash;

21      3.    For a public-wide injunction requiring Defendant to promptly post notices in all

22  of its California locations addressed to its employees that the any gift card holder may redeem

23  Defendant's gift cards with a balance of less than $10.00 for cash;

24      4.    For a public-wide injunction requiring Defendant to provide training on

25  California's gift card law to its California customer-facing employees;

26      5.    For a public-wide injunction requiring Defendant to provide written instructions

27  on complying with California's gift card law to its California customer-facing employees;

28      6.    For attorneys' fees and costs of suit as authorized by statute including, but not

17
COMPLAINT

limited to, the provisions of Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine and/or as authorized by the substantial benefit doctrine;

      7.     For a determination that Plaintiff is the prevailing party; and

      8.     Any other and further relief the Court may deem proper.

## SECOND CAUSE OF ACTION – VIOLATION OF CIVIL CODE SECTION 1770 [CONSUMERS LEGAL REMEDIES ACT]

      1.     For a public-wide injunction permanently enjoining Defendant from engaging in the violations of Civil Code section 1770, including but not limited to subsection (a)(14) as set forth in this Complaint;

      2.     For a public-wide injunction requiring Defendant to promptly post notices in all of its California locations addressed to consumers that any gift card holder may redeem Defendant's gift cards with a balance of less than $10.00 for cash;

      3.     For a public-wide injunction requiring Defendant to promptly post notices in all of its California locations addressed to its employees that the any gift card holder may redeem Defendant's gift cards with a balance of less than $10.00 for cash;

      4.     For a public-wide injunction requiring Defendant to provide training on California's gift card law to its California customer-facing employees;

      5.     For a public-wide injunction requiring Defendant to provide written instructions on complying with California's gift card law to its California customer-facing employees;

      6.     For attorneys' fees and costs of suit as authorized by statute including, but not limited to, the provisions of Civil Code section 1780 and Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine and/or as authorized by the substantial benefit doctrine;

      7.     For a determination that Plaintiff is the prevailing party; and

      8.     Any other and further relief the Court may deem proper or may be available pursuant to statute.

**THIRD CAUSE OF ACTION – VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.***

1.      For a public-wide injunction permanently enjoining Defendant from engaging in the violations of Civil Code section 1770, including but not limited to subsection (a)(14) as set forth in this Complaint;

2.      For a public-wide injunction requiring Defendant to comply with Civil Code section 1749.5 and honor all gift card holders' requests for the cash value of any of Defendant's gift cards that have a balance of less than $10.00;

3.      For a public-wide injunction requiring Defendant to promptly post notices in all of its California locations addressed to consumers that any gift card holder may redeem Defendant's gift cards with a balance of less than $10.00 for cash;

4.      For a public-wide injunction requiring Defendant to promptly post notices in all of its California locations addressed to its employees that the any gift card holder may redeem Defendant's gift cards with a balance of less than $10.00 for cash;

5.      For a public-wide injunction requiring Defendant to provide training on California's gift card law to its California customer-facing employees;

6.      For a public-wide injunction requiring Defendant to provide written instructions on complying with California's gift card law to its California customer-facing employees;

7.      For restitution to all consumers in California who possessed a gift card from Defendant that had a balance of under $10.00 and discarded the gift card after being informed by Defendant that the gift card could not be redeemed for cash;

8.      For permanent injunctive relief preventing Defendant from engaging in any act or practice constituting unfair competition under Business and Professions Code section 17200 et seq., and requiring Defendant to take any acts needed to prevent future deception based upon Defendant's prior misconduct set forth herein;

9.      For any additional orders necessary to restore to the general public any money or property that Defendant may have acquired as a result of any act or practice constituting unfair competition (i.e., restitution) under Business and Professions Code section 17200 et seq.,

including the appointment of a receiver pursuant to Business and Professions Code section 17203;

10.     For distribution of any moneys recovered on behalf of the general public or the class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent each Defendant from retaining the benefits from its wrongful conduct;

11.     For attorneys' fees and costs of suit as authorized by statute including, but not limited to, the provisions of Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine and/or as authorized by the substantial benefit doctrine;

12.     For a determination that Plaintiff is the prevailing party; and

13.     For such other relief as the Court may deem proper.

## FOURTH CAUSE OF ACTION – MONEY HAD AND RECEIVED

1.     For the payment in cash of the balance of all of Defendant's gift cards that have a balance of less than $10.00 to the Plaintiff and the putative class;

2.     For attorneys' fees and costs of suit as authorized by statute including, but not limited to, the provisions of Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine and/or as authorized by the substantial benefit doctrine;

3.     For a determination that Plaintiff is the prevailing party; and

4.     Any other and further relief the Court may deem proper.

## DECLARATORY RELIEF

1.     That the Court declare the rights and obligations of the parties, *to wit*, that Plaintiff and the putative class have the statutory right to redeem any of Defendant's gift card for cash in California, upon request, when the balance is less than $10.00; and

2.     That Defendant be enjoined and restrained from refusing cash redemptions in California on gift cards with a balance of less than $10.00; and

3.     For a determination that Plaintiff is the prevailing party.

1   Dated: May 15, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINEMAN ◊ POLINER** LLP

*Phillip Poliner*

Phillip R. Poliner
Neil B. Fineman
Attorneys for Plaintiff,
Gloria Hawa

1

## VENUE DECLARATION

2    I, Neil B. Fineman, declare the following:

3    1.    I am an attorney with Fineman Poliner LLP, counsel for Plaintiff, and am duly

4    licensed to practice in the State of California. I have personal knowledge of the facts stated in

5    this declaration except as to those stated on information and belief, and if called as a witness I

6    could and would testify competently thereto.

7    2.    Pursuant to Civil Code section 1780(d), the Superior Court of California for the

8    County of Sonoma is a proper court for the trial of this action because Defendant is doing

9    business within the County of Sonoma.

10    I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct. Executed on May 15, 2020.

12

13    _____

14    Neil B. Fineman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Neil B. Fineman - SBN 177915<br>Fineman Poliner LLP<br>155 N. Riverview Dr.<br>Anaheim Hills, CA 92808<br>TELEPHONE NO.: 714-620-1125    FAX NO.: 714-701-0155<br>ATTORNEY FOR *(Name):* Plaintiff, Gloira Hawa | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>5/15/2020 6:51 PM<br>Arlene D. Junior, Clerk of the Court<br>By: Cyndi Nguyen, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sonoma**
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Hall of Justice

CASE NAME: Hawa v Office Depot

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | SCV-266420<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 4 - Violations of CC §§ 1749.5, 1770; B&P § 17200; Money Had & Received
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 15, 2020

Neil B. Fineman                                    ► *Neil Fineman*
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other
   Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**5/15/2020 6:51 PM**<br>**Arlene D. Junior, Clerk of the Court**<br>**By: Cyndi Nguyen, Deputy Clerk** |
|---|---|
| Hawa       v.    Office Depot, Inc. | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br>SCV-266420<br>- |

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** Jennifer Dollard
**ASSIGNED FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

**Date:** October 20, 2020   3055 Cleveland Ave. **Time:** 3:00 pm Dept 18
**Location:**      Santa Rosa, CA 95403

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.


American LegalNet, Inc.
www.FormsWorkFlow.com

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.


American LegalNet, Inc.
www.FormsWorkFlow.com

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.


American LegalNet, Inc.
www.FormsWorkFlow.com

 **CT Corporation**

**Service of Process Transmittal**
06/29/2020
CT Log Number 537860108

TO:     NICOLE DEIBEL
        OFFICE DEPOT, INC.
        6600 N MILITARY TRL
        BOCA RATON, FL 33496-2434

RE:     **Process Served in California**

FOR:    Office Depot, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated, Pltf. vs. OFFICE DEPOT, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # SCV266420 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 06/29/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2020, Expected Purge Date: 07/04/2020 |
| | Image SOP |
| | Email Notification,  Legal Operations  LegalOperations@officedepot.com |
| | Email Notification,  NICOLE DEIBEL  nicole.deibel@officedepot.com |
| | Email Notification,  Tonya Brodrick  tonya.brodrick@officedepot.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 06/09/2020 | NICOLE DEIBEL<br>OFFICE DEPOT, INC. | 537765665 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**FINEMAN ◊ POLINER LLP**
155 NORTH RIVERVIEW DRIVE
ANAHEIM HILLS, CALIFORNIA 92808-1225

Office Depot, Inc.
c/o CT Corp
818 W Seventh St Ste 930
Los Angeles CA 90017-3476

**FINEMAN ◊ POLINER LLP**
Phillip R. Poliner, Esq. – SBN 156145
*Email: Phillip@FinemanPoliner.com*
Neil B. Fineman, Esq. – SBN 177915
*Email: Neil@FinemanPoliner.com*
155 North Riverview Drive
Anaheim Hills, California 92808-1225
Tel. (714) 620-1125 - Fax (714) 701-0155

Attorneys for Plaintiff,
Gloria Hawa

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC., and DOES 1 through 20,<br><br>Defendants. | Case No.: SCV-266420<br>CLASS ACTION<br>Assigned To: Hon. Jennifer V. Dollard<br>Dept.: 18<br><br>**PLAINTIFF'S DEMAND TO DEFENDANT(S) FOR PRESERVATION OF DOCUMENTS, TANGIBLE THINGS, AND ELECTRONICALLY STORED INFORMATION** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please be advised that this matter is certain to involve discoverable documents, tangible things, and Electronically Stored Information (hereinafter "ESI") contained on the computer systems, networks, hard drives, storage devices, removable electronic media and other devices owned, operated, managed, and or secured by YOU. As used in this demand, "YOU" and "YOUR" refers to Defendant(s) and its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners, representatives by whatever name called, or other persons occupying similar positions or performing similar functions, as well as third-party entities involved in YOUR gift card management.

1

1   YOU have a duty to preserve all potentially relevant documents, tangible things, and ESI.

2   This electronic information includes, but is not limited to, e-mail and other communications, user

3   profiles, instant messages, word processing documents, spreadsheets, databases, calendars,

4   telephone logs, contact manager information, internet usage files, network access information,

5   and gift card identification numbers and balances.

6   Due to its format, electronic information is easily deleted, modified, or corrupted.

7   Accordingly, we hereby demand that YOU and YOUR attorneys take affirmative steps to

8   preserve all possibly relevant ESI until the final resolution of this matter. This includes, but is

9   not limited to, an obligation to discontinue all data destruction and backup tape recycling policies

10  currently in place.

11  Please forward this demand to all of YOUR employees and YOUR third-party entities

12  involved in YOUR gift card management who have access to company computers or have access

13  to any one of the multiple sources of electronic discovery discussed above. Destruction or

14  overwriting of documents, e-mail, gift card identification numbers, balances, etc., should be

15  immediately suspended and YOU - and any third parties (vendors with access), employees and

16  agents - have a duty to preserve all forms of ESI, including all data information management

17  systems and databases containing gift card identification numbers and balances of YOUR

18  customers collected within the last forty-eight months. YOU should preserve all logs reflecting

19  users, as well as any word-processing files, documents, fragments, as well as other methods of

20  information storage, i.e. Excel spreadsheets, etc. on all locations of such information including

21  personal computers, laptops, mainframes and the like. To the extent a document has been altered,

22  the original and data entry related to it should be preserved.

23  **Paper preservation of ESI is inadequate as *hard copies do not preserve electronic**

24  *searchability or metadata, they are not an adequate substitute for, or cumulative of,***

25  ***electronically stored versions.*** If information exists in both electronic and paper forms, YOU

26  should preserve both forms.

27  The demand for preservation applies to all stand-alone PC's, Macs, workstations, mini

28  frames and main frames, as well as movable forms of electronic storage – including Smart

2

PLAINTIFF'S DEMAND TO DEFENDANT(S) FOR PRESERVATION OF DOCUMENTS, TANGIBLE
THINGS, AND ELECTRONICALLY STORED INFORMATION

1   Phones, Blackberry and Palm devices, zip and jump drives, flash memory devices, CD-ROM
2   discs, optical discs, tapes, handheld devices, laptops, home systems and other external storage
3   devices, as well as backup tapes and archival sources of information which may be off-site,
4   including cloud storage. Preservation of information on these sources is critical and YOU should
5   not engage in the destruction, overwriting, removal, or obliteration, either intentional or
6   inadvertent, of any information on these sources.

7       YOU must also refrain from data compression, re-fragmentation, or optimization of
8   information on fixed drives, without making a copy of the electronic files and file fragments.
9   YOU should also preserve any activity logs and log-in files which documents who has access to
10  computers and personal identification information and gift card identification numbers and
11  balances of customers, including but not limited to, company employees, vendors, suppliers,
12  contractors, etc.

13

14  Dated: June 19, 2020                                    FINEMAN ◊ POLINER LLP

15
16
17                                                          Phillip R. Poliner
                                                            Neil B. Fineman
18                                                          Attorneys for Plaintiff,
                                                            Gloria Hawa
19
20
21
22
23
24
25
26
27
28

3

**PROOF OF SERVICE**

1

2    I am employed in the County of Orange, State of California. I am over the age of 18 and
     not a party to the within action. My business mailing address is 155 North Riverview Dr.,
3    Anaheim Hills, CA 92808. My electronic address is: Neil@FinemanPoliner.com.

4    On June 19, 2020 at -- I served the foregoing document(s) described as:

5
     **PLAINTIFF'S DEMAND TO DEFENDANT(S) FOR PRESERVATION OF**
6    **DOCUMENTS, TANGIBLE THINGS, AND ELECTRONICALLY STORED**
     **INFORMATION**
7

8    on the parties in this action by placing _____ the original(s), _X_ true copy thereof enclosed in
     a sealed envelope addressed as follows, or as otherwise described below:
9

     Office Depot, Inc.
10   c/o CT Corp
     818 W Seventh St Ste 930
11   Los Angeles CA 90017-3476

12   Registered Agent for Defendant, OFFICE DEPOT, INC.

13   __X__ **(BY MAIL)** I caused such envelope to be deposited in the mail at Anaheim Hills, California. The envelope
     was mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and
14   processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service
     on that same day with postage thereon fully prepaid at Anaheim Hills, California.
15
     _____ **(OVERNIGHT COURIER)** I placed the above-referenced document(s) in an envelope for collection and
16   delivery on this date in accordance with standard UPS or FedEx overnight delivery procedures.

17   _____ **(BY PERSONAL SERVICE)** I delivered, or had delivered by messenger, such envelope by hand to the
     office or residence of the addressee(s), or as stated above.

18   _____ **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document(s) to be transmitted via
     facsimile to the above-named parties or addressee(s) then confirmed receipt of the fax.
19
     _____ **(BY ELECTRONIC SERVICE)** I or an electronic filing service provider transmitted via electronic
20   transmission the document(s) or electronic notification of where the document(s) may be viewed and downloaded
     to the email address(es) listed above and the transmission was reported complete and without error.
21
     I declare under penalty of perjury under the laws of the State of California that the above
22   is true and correct. Executed on **June 19, 2020.**

23

24                                                          _____
                                                            Neil B. Fineman
25

26

27

28

                                          4
     PLAINTIFF'S DEMAND TO DEFENDANT(S) FOR PRESERVATION OF DOCUMENTS, TANGIBLE
                 THINGS, AND ELECTRONICALLY STORED INFORMATION

FINEMAN ◊ POLINER LLP
Phillip R. Poliner, Esq. – SBN 156145
*Email: Phillip@FinemanPoliner.com*
Neil B. Fineman, Esq. – SBN 177915
*Email: Neil@FinemanPoliner.com*
155 North Riverview Drive
Anaheim Hills, California 92808-1225
Tel. (714) 620-1125 - Fax (714) 701-0155

Attorneys for Plaintiff,
Gloria Hawa

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC., and DOES 1 through 20,<br><br>Defendants. | Case No.: SCV-266420<br>**CLASS ACTION**<br>Assigned To: Hon. Jennifer V. Dollard<br>Dept.: 18<br><br>**PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT OFFICE DEPOT, INC. [SET ONE]** |

**PROPOUNDING PARTY: Plaintiff, GLORIA HAWA**

**RESPONDING PARTY:   Defendant, OFFICE DEPOT, INC.**

**SET NUMBER:        ONE**

## DEFINITIONS

For purposes of these Special Interrogatories, the following definitions shall apply:

1.     "COMPLAINT PERIOD" means the period from four years prior to the filing of the complaint in this matter through the PRESENT.

///

///

1

1    2.    "GIFT CARD" means an electronic promise, plastic card, or other payment code

2    or device that is: (i) redeemable at Defendant's California locations; (ii) issued in a specified

3    amount, whether or not that amount may be increased in value or reloaded at the request of the

4    holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon

5    presentation by Defendant. GIFT CARD does not include (1) any GIFT CARD sold below face

6    value at a volume discount to an employer; (2) any GIFT CARD sold below face value at a

7    volume discount to non-profit and charitable organizations for fund raising purposes; and/or (3)

8    any GIFT CARD distributed by YOU pursuant to an awards, loyalty, or promotional program

9    without any money or other thing of value being given in exchange for the GIFT CARD by the

10   recipient. The terms "GIFT CARD" and "gift certificate" are interchangeable.

11   3.    "IDENTIFY" when used for an individual means state the person's name, postal

12   addresses, telephone number(s), and email address. If YOU do not have a complete name,

13   address, email address, and/or telephone number, state all information YOU do have.

14   4.    "IDENTIFY" when used for a business entity means state the business entity's

15   name, postal addresses of principal place of business, and telephone number(s). If YOU do not

16   have a complete name, address, and/or telephone number, state all information YOU do have.

17   5.    "PRESENT" or "PRESENTLY" mean as of the date of the response to this

18   interrogatory.

19   6.    "REDEEM" or "REDEEMED" means exchange(d) for cash.

20   7.    "YOU" or "YOUR" means the responding Defendant entity, its officers,

21   directors, employees, and/or agents, including any third-parties hired, retained, and/or licensed

22   by YOU to sell, manage, direct, effectuate, carry-out, or implement YOUR GIFT CARD

23   program and/or sales on YOUR behalf (such as Givex, Bank of America Merchant Services,

24   Ceridian Stored Value Solutions/Comdata, Vantiv, First Data, Worldpay, Accent Intermedia,

25   GiftCardMall, Blackhawk, NGC, Incomm, etc.).

26   ///

27   ///

28   ///

2

## SPECIAL INTERROGATORIES

1.    State all terms and conditions that apply to any and all GIFT CARDS sold in California during the COMPLAINT PERIOD, giving the dates each term and/or condition was in effect.

2.    State the number of GIFT CARDS sold in California during the COMPLAINT PERIOD.

3.    State the total amount of dollars YOU received from the sale of GIFT CARDS in California during the COMPLAINT PERIOD.

4.    State the total number of GIFT CARDS sold in California during the COMPLAINT PERIOD, which have a PRESENT balance more than $0 and less than $10.00.

5.    State the total amount of dollars PRESENTLY remaining on all GIFT CARDS with a balance more than $0 and less than $10.00 sold in California during the COMPLAINT PERIOD. (For example, if 3 GIFT CARDS were sold in California during the COMPLAINT PERIOD, which have a PRESENT balance of $1, $2, and $3, respectively, the response to this interrogatory would be "$6.")

6.    State the total number of GIFT CARDS YOU REDEEMED in California that had a balance more than $0 and less than $10.00 during the COMPLAINT PERIOD.

7.    State the total amount of money YOU gave to GIFT CARD holders from REDEEMING GIFT CARDS sold in California that had a balance more than $0 and less than $10.00 during the COMPLAINT PERIOD.

8.    IDENTIFY YOUR third-party GIFT CARD program management company(ies) (e.g., Ceridian Stored Value Solutions/Comdata, SVM, Vantiv, First Data, Worldpay, Accent Intermedia, GiftCardMall, Blackhawk, NGC, Incomm, etc.).

9.    State all ways YOU can IDENTIFY YOUR customers who possess(ed) a GIFT CARD with a balance of less than $10 during the COMPLAINT PERIOD.

///

///

///

1

2    Dated: June 19, 2020                              **FINEMAN ◊ POLINER LLP**

3

4                                             _____

5                                             Phillip R. Poliner

6                                             Neil B. Fineman
                                            Attorneys for Plaintiff,

7                                             Gloria Hawa

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">4</div>

**FINEMAN ◊ POLINER LLP**
Phillip R. Poliner, Esq. – SBN 156145
*Email: Phillip@FinemanPoliner.com*
Neil B. Fineman, Esq. – SBN 177915
*Email: Neil@FinemanPoliner.com*
155 North Riverview Drive
Anaheim Hills, California 92808-1225
Tel. (714) 620-1125 - Fax (714) 701-0155

Attorneys for Plaintiff,
Gloria Hawa

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC., and DOES 1 through 20,<br><br>Defendants. | Case No.: SCV-266420<br>**CLASS ACTION**<br>Assigned To: Hon. Jennifer V. Dollard<br>Dept.: 18<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC RECORDS AND OTHER TANGIBLE THINGS TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]** |

**PROPOUNDING PARTY: Plaintiff, GLORIA HAWA**

**RESPONDING PARTY:    Defendant, OFFICE DEPOT, INC.**

**SET NUMBER:       ONE**

Plaintiff hereby demands pursuant to Code of Civil Procedure section 2031.010, that Defendant respond under oath to the following DOCUMENT and ELECTRONIC RECORD requests, and produce and permit inspection and copying of the original DOCUMENT and ELECTRONIC RECORD or materials described below at FINEMAN ◊ POLINER LLP, 155 N. Riverview Dr., Anaheim Hills, CA 92808, within 30 days after service of this request.

1

1

## DEFINITIONS

2      As used herein, unless otherwise indicated, the following words and terms have the

3 meanings and references respectively indicated:

4      1.     "COMPLAINT PERIOD" means the period from four years prior to the filing of

5 the complaint in this matter through the PRESENT.

6      2.     "CONCERN" or "CONCERNING" means referring to, alluding to, relating to,

7 connected with, commenting upon, in respect of, about, regarding, discussing, reflecting,

8 analyzing, evaluating, summarizing, touching upon, or constituting.

9      3.     "DOCUMENT" means any and all non-privileged tangible things upon that any

10 expression, communication or representation is reflected or has been recorded by any means

11 including, but not limited to, handwriting, typewriting, printing, photocopying, photographing,

12 magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on

13 disk, hard drive or otherwise, and any nonidentical copies (whether different from the original

14 because of notes made on such copies, because of indications that the copies were sent to

15 different individuals than were the originals, or any other reason), including but not limited to

16 abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations,

17 consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists,

18 manuals, tapes, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press

19 releases or clippings, publications, reports, working papers, preliminary, intermediate or final

20 drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting,

21 invoices, financial statements, financial calculations, diaries, reports of telephone or other oral

22 conversations, telephone message slips, desk calendars, appointment books, computer tapes,

23 computer disks, computer printouts, computer cards, electronically recorded data, and all other

24 writings (as that term is defined in Evidence Code § 250) and recordings of any kind.

25      4.     "ELECTRONIC RECORD" or "ESI" or "ELECTRONICALLY STORED

26 INFORMATION" means the original (native format), and any non-identical copies (whether

27 non-identical because of notes made on copies or attached comments, annotations, marks,

28 transmission notations, or highlighting of any kind) of writings of every kind and description

1  whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.
2  Electronic data includes, by way of example only, computer programs (whether private,
3  commercial, or work-in-progress), programming notes or instructions, activity listings of
4  electronic mail receipts and/or transmittals, output resulting from the use of any software
5  program, including word processing documents, spreadsheets, database files, charts, graphs and
6  outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files,
7  batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of
8  the media on which they reside and regardless of whether said electronic data consists in an
9  active file, deleted file or file fragment. Electronic data includes any and all items stored on
10 computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks,
11 Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche,
12 punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM,
13 RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term
14 electronic data also includes the file, folder tabs and/or containers and labels appended to, or
15 associated with, any physical storage device associated with each original and/or copy.

16     5.    "GIFT CARD" means an electronic promise, plastic card, or other payment code
17 or device that is: (i) redeemable at Defendant's California locations; (ii) issued in a specified
18 amount, whether or not that amount may be increased in value or reloaded at the request of the
19 holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon
20 presentation by Defendant. GIFT CARD does not include (1) any GIFT CARD sold below face
21 value at a volume discount to an employer; (2) any GIFT CARD sold below face value at a
22 volume discount to non-profit and charitable organizations for fund raising purposes; and/or (3)
23 any GIFT CARD distributed by YOU pursuant to an awards, loyalty, or promotional program
24 without any money or other thing of value being given in exchange for the GIFT CARD by the
25 recipient. The terms "GIFT CARD" and "gift certificate" are interchangeable.

26     6.    "IDENTIFY" when used for an individual means state the person's name, postal
27 addresses, telephone number(s), and email address. If YOU do not have a complete name,
28 address, email address, and/or telephone number, state all information YOU do have.

3

7.    "IDENTIFY" when used for a business entity means state the business entity's name, postal addresses of principal place of business, and telephone number(s). If YOU do not have a complete name, address, and/or telephone number, state all information YOU do have.

8.    "PRESENT" or "PRESENTLY" mean as of the date of the response to this request.

9.    "REDEEM" or "REDEEMED" means exchange(d) for cash.

10.    "YOU" or "YOUR" means the responding Defendant entity, its officers, directors, employees, and/or agents, including any third-parties hired, retained, and/or licensed by YOU to sell, manage, direct, effectuate, carry-out, or implement YOUR GIFT CARD program and/or sales on YOUR behalf (such as Givex, Bank of America Merchant Services, Ceridian Stored Value Solutions/Comdata, Vantiv, First Data, Worldpay, Accent Intermedia, GiftCardMall, Blackhawk, NGC, Incomm, etc.).

## INSTRUCTIONS

1.    For each DOCUMENT or ELECTRONIC RECORD responsive to this notice that is withheld from production, or from which any information has been redacted, on a claim of attorney-client privilege or attorney work product protection, specify the privilege or work product protection(s) you claim, and provide the following information: (a) the nature of the DOCUMENT or ELECTRONIC RECORD (*e.g.*, letter, memorandum, contract, etc.) and a description of its subject matter; (b) the author or sender of the DOCUMENT or ELECTRONIC RECORD; (c) the recipient(s) of the DOCUMENT or ELECTRONIC RECORD; (d) the date that the DOCUMENT or ELECTRONIC RECORD was authored, sent and received; and (e) the basis for your privilege claim. If the claimed privilege or work product protection applies only to a particular phrase, sentence, paragraph, or section of a responsive DOCUMENT or ELECTRONIC RECORD, the entire DOCUMENT or ELECTRONIC RECORD should be produced with the allegedly protected portion redacted and a legend indicating that the withheld portion is a subject of a specified privilege or protection.

///

4

2.    If any DOCUMENT or ELECTRONIC RECORD that was, or might have been, responsive to this notice was destroyed, erased, surrendered or otherwise removed from your possession, custody or control, at any time, provide, to the maximum extent possible, the following information: (a) the nature of the DOCUMENT or ELECTRONIC RECORD (*e.g.*, letter, memorandum, contract, etc.,) and a description of its subject matter; (b) the author or sender of the DOCUMENT or ELECTRONIC RECORD; (c) the recipient(s) of the DOCUMENT or ELECTRONIC RECORD; (d) the date that the DOCUMENT or ELECTRONIC RECORD was authored, sent and received; (e) the circumstances surrounding the removal of the DOCUMENT or ELECTRONIC RECORD from your custody, possession or control; and (f) the identity of the person(s) having knowledge of such removal from your custody, possession or control.

3.    **As of January 1, 2020, California Code of Civil Procedure section 2031.280 now requires that any DOCUMENTS or category of DOCUMENTS that a responding party produces shall be identified with the specific request number to which the DOCUMENTS respond. Under this new format, the responding party has to explicitly tie the DOCUMENTS to the specific demands of the requesting party.**

## REQUESTS FOR PRODUCTION

1.    All DOCUMENTS and ELECTRONIC RECORDS that CONCERN YOUR current and past POLICY with respect to REDEEMING GIFT CARDS in California during the COMPLAINT PERIOD, including any current and past operations manuals, training manuals, guidelines, and the like, however named or designated, which CONCERN YOUR POLICY for REDEEMING in cash for its cash value a GIFT CARD with a balance more than $0 and less than $10.00 – and the date each DOCUMENT and ELECTRONIC RECORD was in effect.

2.    All DOCUMENTS and ELECTRONIC RECORDS that CONCERN YOUR current and past PROCEDURE with respect to REDEEMING GIFT CARDS sold in California during the COMPLAINT PERIOD, including any current and past operations manuals, training manuals, guidelines, POS screen prompts and directions, and the like, however named or

5

1    designated, which CONCERN YOUR PROCEDURE for REDEEMING in cash for its cash
2    value a GIFT CARD with a balance more than $0 and less than $10.00 – and the date each
3    DOCUMENT and ELECTRONIC RECORD was in effect.

4        3.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the total
5    number of GIFT CARDS sold in California during the COMPLAINT PERIOD.

6        4.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the total
7    amount of money YOU received from the sale of GIFT CARDS in California during the
8    COMPLAINT PERIOD.

9        5.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the number
10   of GIFT CARDS sold in California during the COMPLAINT PERIOD, which have a balance of
11   less than $10, as of the date of the response to this request.

12       6.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the number
13   of GIFT CARDS sold in California that had a balance more than $0 and less than $10.00 during
14   the COMPLAINT PERIOD, that were REDEEMED by the card holder for the GIFT CARD'S
15   cash balance.

16       7.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the total
17   amount of money YOU gave to GIFT CARD holders from REDEEMING GIFT CARDS sold in
18   California that had a balance more than $0 and less than $10.00 during the COMPLAINT
19   PERIOD.

20       8.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the total
21   amount of dollars PRESENTLY remaining on GIFT CARDS with a balance of more than $0 and
22   less than $10.00 sold in California during the COMPLAINT PERIOD. (For example, if 3 GIFT
23   CARDS were sold in California during the COMPLAINT PERIOD, which have a PRESENT
24   balance of $1, $2, and $3, respectively, YOU should produce all DOCUMENTS and
25   ELECTRONIC RECORDS showing the amount to be "$6.")

26       9.    All DOCUMENTS and ELECTRONIC RECORDS IDENTIFYING the names,
27   addresses and/or telephone numbers of all individuals who purchased GIFT CARDS in
28   California during the COMPLAINT PERIOD, which have a PRESENT balance of more than $0

6

1  and less than $10.00.

2      10.    All DOCUMENTS and ELECTRONIC RECORDS received by YOU in

3  California from any consumer (or his or her agent or attorney) that in any way CONCERN any

4  GIFT CARD sold in California during the COMPLAINT PERIOD, which has a PRESENT

5  balance more than $0 and less than $10.00.

6

7  Dated: June 19, 2020                                        **FINEMAN ◊ POLINER LLP**

8

9

10                                                             Phillip R. Poliner
                                                               Neil B. Fineman
11                                                             Attorneys for Plaintiff,
                                                               Gloria Hawa
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DISC-020

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*<br>Neil B. Fineman - SBN 177915<br>Fineman Poliner LLP<br>155 N. Riverview Dr.<br>Anaheim Hills, CA 92808<br>TELEPHONE NO.: 714-620-1125   FAX NO. *(Optional):* 714-701-0155<br>E-MAIL ADDRESS *(Optional):* neil@finemanpoliner.com<br>ATTORNEY FOR *(Name):* Plaintiff, Gloira Hawa | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sonoma**
STREET ADDRESS: 3055 Cleveland Av
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Hall of Justice

SHORT TITLE: Hawa v Office Depot

| | |
|---|---|
| **REQUESTS FOR ADMISSION**<br>☒ **Truth of Facts**   ☐ **Genuineness of Documents**<br>Requesting Party: Plaintiff, Gloira Hawa<br>Answering Party: Defendant Office Depot, Inc.<br>Set No.: One | CASE NUMBER:<br>SCV-266420 |

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
(DATE)                                                    (SIGNATURE)

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. ☒   Each of the following facts is true *(if more than one, number each fact consecutively):*
   See Attachment 1

   ☒   Continued on Attachment 1

2. ☐   The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively):*

   ☐   Continued on Attachment 2

Neil B. Fineman                                          ▶  *Neil Fineman*
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
DISC-020 [Rev. January 1, 2008]

**REQUESTS FOR ADMISSION**

Code of Civil Procedure,
§§94–95, 2033.010–2033.420, 2033.710

1        1.     YOU do not have a written POLICY CONCERNING the redemption of YOUR

2   GIFT CARDS with a cash value of less than ten dollars ($10) in cash for its cash value in YOUR

3   California locations. ["YOU" means the responding Defendant entity, its officers, directors,

4   employees, and/or agents; "POLICY" means, in the disjunctive, any standard or general practice,

5   written or oral rule, guideline, procedure or policy within the ordinary meaning of those words

6   in standard usage; "CONCERNING" means referring to, alluding to, relating to, connected with,

7   commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating,

8   summarizing, touching upon, or constituting; "GIFT CARD" means an electronic promise,

9   plastic card, or other payment code or device that is: (i) redeemable at Defendant's California

10   locations; (ii) issued in a specified amount, whether or not that amount may be increased in value

11   or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for

12   payment; and (iv) honored upon presentation by Defendant. GIFT CARD does not include (1)

13   any GIFT CARD sold below face value at a volume discount to an employer; (2) any GIFT

14   CARD sold below face value at a volume discount to non-profit and charitable organizations for

15   fund raising purposes; and/or (3) any GIFT CARD distributed by YOU pursuant to an awards,

16   loyalty, or promotional program without any money or other thing of value being given in

17   exchange for the GIFT CARD by the recipient. The terms "GIFT CARD" and "gift certificate"

18   are interchangeable.]

19        2.     YOU do not have an oral POLICY CONCERNING the redemption of YOUR

20   GIFT CARDS with a cash value of less than ten dollars ($10) in cash for its cash value in YOUR

21   California locations. ["YOU" means the responding Defendant entity, its officers, directors,

22   employees, and/or agents; "POLICY" means, in the disjunctive, any standard or general practice,

23   written or oral rule, guideline, procedure or policy within the ordinary meaning of those words

24   in standard usage; "CONCERNING" means referring to, alluding to, relating to, connected with,

25   commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating,

26   summarizing, touching upon, or constituting; "GIFT CARD" means an electronic promise,

27   plastic card, or other payment code or device that is: (i) redeemable at Defendant's California

28   locations; (ii) issued in a specified amount, whether or not that amount may be increased in value

1  or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for

2  payment; and (iv) honored upon presentation by Defendant. GIFT CARD does not include (1)

3  any GIFT CARD sold below face value at a volume discount to an employer; (2) any GIFT

4  CARD sold below face value at a volume discount to non-profit and charitable organizations for

5  fund raising purposes; and/or (3) any GIFT CARD distributed by YOU pursuant to an awards,

6  loyalty, or promotional program without any money or other thing of value being given in

7  exchange for the GIFT CARD by the recipient. The terms "GIFT CARD" and "gift certificate"

8  are interchangeable.]

9      3.    YOU do not train YOUR California employees to REDEEM YOUR GIFT

10  CARDS with a cash value of less than ten dollars ($10) in cash for its cash value. ["YOU" means

11  the responding Defendant entity, its officers, directors, employees, and/or agents; "REDEEM"

12  or "REDEEMED" means exchange(d) for cash; "GIFT CARD" means an electronic promise,

13  plastic card, or other payment code or device that is: (i) redeemable at Defendant's California

14  locations; (ii) issued in a specified amount, whether or not that amount may be increased in value

15  or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for

16  payment; and (iv) honored upon presentation by Defendant. GIFT CARD does not include (1)

17  any GIFT CARD sold below face value at a volume discount to an employer; (2) any GIFT

18  CARD sold below face value at a volume discount to non-profit and charitable organizations for

19  fund raising purposes; and/or (3) any GIFT CARD distributed by YOU pursuant to an awards,

20  loyalty, or promotional program without any money or other thing of value being given in

21  exchange for the GIFT CARD by the recipient. The terms "GIFT CARD" and "gift certificate"

22  are interchangeable.]

23      4.    After this lawsuit was filed, YOU changed YOUR POLICIES in regard to

24  redeeming GIFT CARDS with a cash value of less than ten dollars ($10) in cash for its cash

25  value in YOUR California locations. ["YOU" means the responding Defendant entity, its

26  officers, directors, employees, and/or agents; "POLICIES" means, in the disjunctive, any

27  standard or general practice, written or oral rule, guideline, procedure or policy within the

28  ordinary meaning of those words in standard usage. "GIFT CARD" means an electronic promise,

1  plastic card, or other payment code or device that is: (i) redeemable at Defendant's California

2  locations; (ii) issued in a specified amount, whether or not that amount may be increased in value

3  or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for

4  payment; and (iv) honored upon presentation by Defendant. GIFT CARD does not include (1)

5  any GIFT CARD sold below face value at a volume discount to an employer; (2) any GIFT

6  CARD sold below face value at a volume discount to non-profit and charitable organizations for

7  fund raising purposes; and/or (3) any GIFT CARD distributed by YOU pursuant to an awards,

8  loyalty, or promotional program without any money or other thing of value being given in

9  exchange for the GIFT CARD by the recipient. The terms "GIFT CARD" and "gift certificate"

10  are interchangeable.]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Neil B. Fineman - SBN 177915
Fineman Poliner LLP
155 N. Riverview Dr.
Anaheim Hills, CA 92808
TELEPHONE NO.: 714-620-1125
FAX NO. *(Optional):* 714-701-0155
E-MAIL ADDRESS *(Optional):* neil@finemanpoliner.com
ATTORNEY FOR *(Name):* Plaintiff, Gloira Hawa

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma

SHORT TITLE OF CASE:
Hawa v Office Depot

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Plaintiff, Gloira Hawa | SCV-266420 |
| Answering Party: Defendant Office Depot, Inc | |
| Set No.: One | |

### Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                                        *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☒  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

**DISC-001**

☐ **(2)    INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
    Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—individual**

☐ 2.1 State:
    (a)  your name;
    (b)  every name you have used in the past; and
    (c)  the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so state:
    (a)  the state or other issuing entity;
    (b)  the license number and type;
    (c)  the date of issuance; and
    (d)  all restrictions.

☐ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
    (a)  the state or other issuing entity;
    (b)  the license number and type;
    (c)  the date of issuance; and
    (d)  all restrictions.

☐ 2.5 State:
    (a)  your present residence **ADDRESS**;
    (b)  your residence **ADDRESSES** for the past five years; and
    (c)  the dates you lived at each **ADDRESS**.

☐ 2.6 State:
    (a)  the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
    (b)  the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
    (a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
    (b)  the dates you attended;
    (c)  the highest grade level you have completed; and
    (d)  the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
    (a)  the city and state where you were convicted;
    (b)  the date of conviction;
    (c)  the offense; and
    (d)  the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

American LegalNet, Inc.
www.FormsWorkFlow.com

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
    (a) the name, **ADDRESS**, and telephone number of that **PERSON**: and
    (b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
    (a) the name, **ADDRESS**, and telephone number;
    (b) the nature of the disability or condition; and
    (c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
    (a) the name, **ADDRESS**, and telephone number;
    (b) the nature or description of each substance;
    (c) the quantity of each substance used or taken;
    (d) the date and time of day when each substance was used or taken;
    (e) the **ADDRESS** where each substance was used or taken;
    (f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
    (g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information—Business Entity

☒ 3.1 Are you a corporation? If so, state:
    (a) the name stated in the current articles of incorporation;
    (b) all other names used by the corporation during the past 10 years and the dates each was used;
    (c) the date and place of incorporation;
    (d) the **ADDRESS** of the principal place of business; and
    (e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
    (a) the current partnership name;
    (b) all other names used by the partnership during the past 10 years and the dates each was used;
    (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
    (d) the name and **ADDRESS** of each general partner; and
    (e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
    (a) the name stated in the current articles of organization;
    (b) all other names used by the company during the past 10 years and the date each was used;
    (c) the date and place of filing of the articles of organization;
    (d) the **ADDRESS** of the principal place of business; and
    (e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
    (a) the current joint venture name;
    (b) all other names used by the joint venture during the past 10 years and the dates each was used;
    (c) the name and **ADDRESS** of each joint venturer; and
    (d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association?
If so, state:
    (a) the current unincorporated association name;
    (b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
    (c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
    (a) the name;
    (b) the dates each was used;
    (c) the state and county of each fictitious name filing; and
    (d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
    (a) identify the license or registration;
    (b) state the name of the public entity; and
    (c) state the dates of issuance and expiration.

### 4.0 Insurance

☒ 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
    (a) the kind of coverage;
    (b) the name and **ADDRESS** of the insurance company;
    (c) the name, **ADDRESS**, and telephone number of each named insured;
    (d) the policy number;
    (e) the limits of coverage for each type of coverage contained in the policy;
    (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
    (g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☒ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0 *[Reserved]*

### 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

American LegalNet, Inc.
www.FormsWorkFlow.com

DISC-001

6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

8.3 State the last date before the **INCIDENT** that you worked for compensation.

8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

American LegalNet, Inc.
www.FormsWorkFlow.com

**DISC-001**

**9.0 Other Damages**

☐ 9.1 Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

☐ 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0 Medical History**

☐ 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3 At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☐ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS**, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☐ 12.1 State the name, **ADDRESS**, and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☐ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS**, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

☐ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

American LegalNet, Inc.
www.FormsWorkFlow.com

12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b) the date of the inspection.

## 13.0  Investigation—Surveillance

13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0  Defendant's Contentions—Personal Injury

16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so: .

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

American LegalNet, Inc.
www.FormsWorkFlow.com

☐ 16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

☐ 16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

☒ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**   *[Reserved]*

**19.0**   *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2   For each vehicle involved in the **INCIDENT**, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

American LegalNet, Inc.
www.FormsWorkFlow.com

DISC-001

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

American LegalNet, Inc.
www.FormsWorkFlow.com

**FINEMAN ◊ POLINER LLP**
Phillip R. Poliner, Esq. – SBN 156145
*Email: Phillip@FinemanPoliner.com*
Neil B. Fineman, Esq. – SBN 177915
*Email: Neil@FinemanPoliner.com*
155 North Riverview Drive
Anaheim Hills, California 92808-1225
Tel. (714) 620-1125 - Fax (714) 701-0155

Attorneys for Plaintiff,
Gloria Hawa

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| GLORIA HAWA on behalf of herself, the General Public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC., and DOES 1 through 20,<br><br>Defendants. | Case No.: SCV-266420<br>CLASS ACTION<br>Assigned To: Hon. Jennifer V. Dollard<br>Dept.: 18<br><br>**PROOF OF SERVICE: DISCOVERY TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]** |

1

PROOF OF SERVICE: DISCOVERY TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business mailing address is 155 North Riverview Dr., Anaheim Hills, CA 92808. My electronic address is: Neil@FinemanPoliner.com.

On June 19, 2020 at -- I served the foregoing document(s) described as:

**PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]**

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONIC RECORDS AND OTHER TANGIBLE THINGS TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]**

**PLAINTIFF'S FORM INTERROGATORIES TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]**

**PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]**

on the parties in this action by placing _____ the original(s), _X_ true copy thereof enclosed in a sealed envelope addressed as follows, or as otherwise described below:

Office Depot, Inc.
c/o CT Corp
818 W Seventh St Ste 930
Los Angeles CA 90017-3476

Registered Agent for Defendant, OFFICE DEPOT, INC.

__X__ **(BY MAIL)** I caused such envelope to be deposited in the mail at Anaheim Hills, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid at Anaheim Hills, California.

_____ **(OVERNIGHT COURIER)** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard UPS or FedEx overnight delivery procedures.

_____ **(BY PERSONAL SERVICE)** I delivered, or had delivered by messenger, such envelope by hand to the office or residence of the addressee(s), or as stated above.

_____ **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document(s) to be transmitted via facsimile to the above-named parties or addressee(s) then confirmed receipt of the fax.

_____ **(BY ELECTRONIC SERVICE)** I or an electronic filing service provider transmitted via electronic transmission the document(s) or electronic notification of where the document(s) may be viewed and downloaded to the email address(es) listed above and the transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **June 19, 2020.**

_____
Neil B. Fineman

PROOF OF SERVICE: DISCOVERY TO DEFENDANT, OFFICE DEPOT, INC. [SET ONE]

1   FLETCHER C. ALFORD  (SBN:  152314)
    falford@grsm.com
2   DANIEL S. KUBASAK  (SBN:  222336)
    dkubasak@grsm.com
3   KEVIN LIU  (SBN:  295287)
    kliu@grsm.com
4   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
5   San Francisco, CA 94111
    Telephone:  (415) 875-3115
6   Facsimile:  (415) 986-8054

7   Attorneys for Defendant
    OFFICE DEPOT, INC.

8

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**7/7/2020 1:27 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Nadine Magallanes, Deputy Clerk**

9

10                      SUPERIOR COURT OF CALIFORNIA

11                          COUNTY OF SONOMA

12  GLORIA HAWA on behalf of herself, the      )   CASE NO.  SCV-266420
    General Public, and all others similarly   )
13  situated,                                  )   **DEFENDANT'S ANSWER TO**
                                               )   **PLAINTIFF'S COMPLAINT**
14                          Plaintiff,         )
                                               )
15          v.                                 )   Date Action Filed:      05/15/2020
                                               )
16  OFFICE DEPOT, INC., and DOES 1 through     )
    20,                                        )
17                                             )
                            Defendants.        )
18          COME NOW defendant OFFICE DEPOT, INC., and hereby answers and asserts

19  affirmative defenses to the unverified Class Action Complaint filed by Plaintiff GLORIA

20  HAWA ("Plaintiff") as follows:

21                          **GENERAL DENIAL**

22          Pursuant to Code of Civil Procedure section 431.30(d), Defendant hereby generally

23  denies, both specifically and generally, each and every allegation of the Complaint, and further

24  denies that Plaintiff has suffered damages in the sum or sums alleged in her unverified

25  Complaint, or in any other sum or sums, or at all by reason of any act, breach, or omission on

26  the part of Defendant or any of its predecessors, agents, servants or employees.

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**AFFIRMATIVE DEFENSES**

Defendant further alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint.  By alleging the defenses set forth below, Defendant does not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of defense, or that Plaintiff has properly asserted any cause of action against Defendant.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE FACTS)**

As a first, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every purported cause of action therein fails to state facts to support a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

As a second, separate and affirmative defense, Defendant alleges that Plaintiff, by her own conduct, is estopped from recovery of any relief, including but not limited to, the relief specifically sought in her Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(WAIVER)**

As a third, separate and affirmative defense, Defendant alleges that Plaintiff, by her own conduct, has waived any right to recovery, including but not limited to, the relief specifically sought in her Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

As a fourth, separate and affirmative defense, Defendant alleges that Plaintiff has or had unclean hands with respect to the matters alleged in her Complaint and, on that ground, is barred from recovery of any relief, including but not limited to, the relief specifically sought in her Complaint.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

As a fifth, separate and affirmative defense, Defendant alleges that any recovery by Plaintiff is barred, in whole or in part, by Plaintiff's failure to mitigate her damages or take such actions as are reasonably necessary mitigate or avoid Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

As a sixth, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, by all applicable California statutes of limitations, including but not limited to, §§ 337, 338, 339, 340, and 343 of the Code of Civil Procedure of the State of California, § 17208 of the California Business and Professions Code, and any other applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

### (OFFSET)

As a seventh, separate and affirmative defense, Defendant alleges that any damages recoverable by Plaintiff must be offset by any sums due and owing to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (BUSINESS JUSTIFICATION)

As an eighth, separate and affirmative defense, Defendant alleges that Plaintiff is barred, in whole or in part, from recovery on Plaintiff's Complaint by the business justification defense applicable to claims of alleged unlawful business practices under California Business and Professional Code § 17200 *et seq*.

## NINTH AFFIRMATIVE DEFENSE

### (GOOD FAITH ACTIONS)

As a ninth, separate and affirmative defense, Defendant alleges that at all times mentioned herein, Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject of Plaintiff's Complaint.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### TENTH AFFIRMATIVE DEFENSE

### (CONSENT)

As a tenth, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every purported cause of action therein are barred by the doctrine of consent, express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

### (LACHES)

As an eleventh, separate and affirmative defense, Defendant alleges that Plaintiff unreasonably delayed bringing this action and that such delay substantially prejudiced Defendant. Therefore, Plaintiff's Complaint and each and every purported cause of action therein are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

### (NO RESULTANT DAMAGES)

As a twelfth, separate and affirmative defense, Defendant alleges that Plaintiff Complaint and each and every purported cause of action therein had no resultant damages related thereto, thereby barring any recovery of relief, including but not limited to, the relief specifically sought in Plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (SUPERSEDING CAUSE)

As a thirteenth, separate and affirmative defense, Defendant alleges that if Plaintiff suffered any damages, which Defendant denies, then any damages were proximately caused by the intervening and superseding actions of others, including but not limited to, actions by Plaintiff and/or her agents, which bar Plaintiff's recovery, if any, from Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (FAULT OF PLAINTIFF, THE PUTATIVE CLASS, OR THIRD PARTIES)

As a fourteenth, separate and affirmative defense, Defendant alleges that if Plaintiff suffered any damages, which Defendant denies, then any damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due

diligence, negligence, misconduct, and/or bad faith of Plaintiff, the putative class, and/or third parties, over whom Defendant has no control, or that Plaintiff, the putative class, and/or third parties were at fault. Plaintiff and the putative class are therefore barred from recovery of relief, including but not limited to, the relief specifically sought in Plaintiff's Complaint, or recovery, if any, should be reduced by proportion to such fault.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (FAULT OF PLAINTIFF OR THIRD PARTIES)

As a fifteenth, separate and affirmative defense, Defendant alleges that if Plaintiff suffered any damages, which Defendant denies, then any damages were caused or contributed to, in whole or in part, by the Plaintiff's own actions, inactions, delay in acting, and that said negligence comparatively reduces the percentage of fault, if any, of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (STATUTORY COMPLIANCE)

As a sixteenth, separate and affirmative defense, Defendant alleges that any recovery on Plaintiff's Complaint is barred because the alleged conduct was done pursuant to statutory authority and that the relief Plaintiff seeks in her Complaint would result in violation(s) of federal or state laws, ordinances, regulations, or legislative policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (SPECULATIVE DAMAGES)

As a seventeenth, separate and affirmative defense, Defendant alleges that the damages alleged by Plaintiff are speculative and conjectural, and are not caused by any acts or omissions on the part of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (CLRA PREREQUISITES)

As an eighteenth, separate and affirmative defense, Defendant alleges that Plaintiff has not satisfied the prerequisites for bringing and maintaining an action for damages or equitable relief under the Consumer Legal Remedies Act and therefore, Plaintiff's purported cause of action under the CLRA fails.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## NINETEENTH AFFIRMATIVE DEFENSE

### (DEFENDANT ENTITLED TO MONEY IN LAW OR EQUITY)

As a nineteenth, separate and affirmative defense, Defendant has no money that belongs to Plaintiff, either under the law or in equity and good conscience.

## TWENTIETH AFFIRMATIVE DEFENSE

### (ILL-DEFINED CLASSES)

As a twentieth, separate and affirmative defense, Defendant alleges that the putative class alleged in Plaintiff's Complaint is inadequately defined and not administratively ascertainable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PLAINTIFF NOT SIMILARLY SITUATED)

As a twenty-first, separate and affirmative defense, Defendant alleges that Plaintiff is not similarly situated with members of the putative class Plaintiff purports to represent. Therefore, this action is not properly certified or maintained as a class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (NO TYPICALITY)

As a twenty-second, separate and affirmative defense, Defendant alleges that the claims of the named Plaintiff are not typical of the claims of the members of the putative class alleged in Plaintiff's Complaint.  Therefore, this action is not properly certified or maintained as a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (NO NUMEROSITY)

As a twenty-third, separate and affirmative defense, Defendant alleges that the putative class alleged in Plaintiff's Complaint is not so numerous that joinder of all members are impracticable.  Therefore, Plaintiff cannot meet the prerequisites to a class action set forth in § 382 of the California Code of Civil Procedure.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (NO COMMONALITY)

As a twenty-fourth, separate and affirmative defense, Defendant alleges that there are not questions of law or fact common to the putative class alleged in Plaintiff's Complaint. Therefore, Plaintiff cannot meet this prerequisite to maintaining a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (PREDOMINANCE AND INDIVIDUALIZED QUESTIONS)

As a twenty-fifth, separate and affirmative defense, Defendant alleges that the individualized questions of fact predominate over any purported common questions in this action. Therefore, Plaintiff cannot meet this prerequisite to maintaining a class action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (NOT A SUITABLE CLASS REPRESENTATIVE)

As a twenty-sixth, separate and affirmative defense, Defendant alleges that Plaintiff is not a suitable class representative. Therefore, Plaintiff cannot meet this prerequisite to maintaining a class action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (DIFFICULTIES OF PROPOSED CLASS ACTION)

As a twenty-seventh, separate and affirmative defense, Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (NO QUESTIONS OF COMMON OR GENERAL INTEREST)

As a twenty-eighth, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint does not raise any question of common or general interest suitable for class treatment under § 382 of the California Code of Civil Procedure.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (NO STANDING)

As a twenty-ninth, separate and affirmative defense, Defendant alleges that Plaintiff

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   lacks standing to pursue the claims asserted in her Complaint.

2   **THIRTIETH AFFIRMATIVE DEFENSE**

3   **(FAILURE TO STATE A CLAIM UNDER UCL)**

4   As a thirtieth, separate and affirmative defense, Defendant alleges that Plaintiff has not

5   suffered injury-in-fact and has not lost money or property as a result of any alleged unfair

6   competition, unfair business practice, and/or fraudulent business practice.

7   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

8   **(NO IRREPARABLE HARM)**

9   As a thirty-first, separate and affirmative defense, Defendant alleges that Plaintiff's

10  claims for injunctive, declaratory, or other equitable relief, are barred because Plaintiff has not

11  suffered and will not suffer irreparable harm due to any alleged conduct of Defendant.

12  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

13  **(UNJUST ENRICHMENT)**

14  As a thirty-second, separate and affirmative defense, Defendant alleges that Plaintiff

15  would be unjustly enriched if allowed to recover any sums claimed to be due under Plaintiff's

16  Complaint.

17  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

18  **(MOOTNESS)**

19  As a thirty-third, separate and affirmative defense, Defendant alleges that Plaintiff's

20  purported claims and causes of action, and those of the putative class members, are moot in that

21  Defendant, without admitting the validity or merit of any of Plaintiff's purported claims or

22  causes of action, has discontinued or rectified the complained-of conduct.

23  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

24  **(RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES)**

25  As a thirty-fourth, separate and affirmative defense, Defendant alleges that it presently

26  has insufficient knowledge or information on which to form a belief as to whether it may have

27  additional, and as yet unstated, affirmative defenses available.  Defendant reserves herein the

28  right to assert additional defenses in the event that discovery and investigation indicate that

-8-

1    additional defenses would be appropriate.

2                          **PRAYER FOR RELIEF**

3           WHEREFORE, defendants pray as follows:

4           1.    That Plaintiff take nothing by reason of the Complaint and that Plaintiff's

5    Complaint be dismissed in its entirety, with prejudice;

6           2.    That judgment be rendered in favor of Defendant and against Plaintiff;

7           3.    That Defendant be awarded its fees and costs of suit incurred in defense of this

8    action; and

9           4.    For such other and further relief as the Court deems just and proper.

10

11

12    Dated:  July 7, 2020                    GORDON REES SCULLY MANSUKHANI,
                                              LLP
13

14                                       By: _____
15                                           Fletcher C. Alford
                                             Daniel S. Kubasak
16                                           Kevin Liu
                                             Attorneys for Defendant
17                                           OFFICE DEPOT, INC.

18

19

20

21

22

23

24

25

26

27

28

-9-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On the date below, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

Attorneys for Plaintiff:
Phil R. Poliner
Neil B. Fineman
Fineman Poliner LLP
155 N. Riverview Dr.
Anaheim, CA 92808-1225
Phone Number: (714) 620-1125
Fax Number: (714) 701-0155
Email: Phillip@FinemanPoliner.com
Email: Neil@FinemanPoliner.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 7, 2020 at San Francisco, California.



_____
Maria Deang

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111